UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Theodore Brian Hoffert,
    Petitioner

vs                                Case No. 1:04cv33
                                     (Beckwith, C.J.; Hogan, M.J.)

Tim Brunsman,[1]
    Respondent

## REPORT AND RECOMMENDATION

      This habeas corpus action brought pro se pursuant to 28 U.S.C. § 2254 is before the Court on petitioner's "Motion For Injunction Seeking Immediate Release" (Doc. 13), which was filed prior to this Court's Order issued February 17, 2005 vacating its August 19, 2005 Report and Recommendation to stay the case on exhaustion grounds and granting petitioner's motion to reinstate the case on the Court's active docket. (*See* Docs. 11, 14, 15). Other motions pending before the Court for ruling are petitioner's "Emergency Injunctive Relief Request" contained in a motion filed July 6, 2005 (Doc. 19), as well as petitioner's "Motion For Immediate Action" (Doc. 20) in the form of a court order requiring respondent "to cease and desist" from destroying petitioner's property, to return petitioner to "his same cell (of about more than a year)," to "NOT hamper in any way his access to the Court," to "not remove him again without documented just cause or permission of the Court," and to ensure that his prison account maintains a "proper balance" of available funds.

      The arguments advanced by petitioner in support of his requests for injunctive

---

[1] In the petition, petitioner properly named as respondent James Erwin, who was then Warden of Chillicothe Correctional Institution (CCI), where petitioner is incarcerated. However, since the time petitioner instituted this action, Erwin was replaced by Tim Brunsman as CCI's Warden. Because Tim Brunsman is the individual who currently has custody of petitioner, the caption of this case is hereby changed to reflect the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

relief in the form of immediate release or other court order either do not pertain to the claims for relief asserted in the instant habeas corpus petition challenging petitioner's state felonious assault conviction, or are insufficient to warrant his immediate release prior to the adjudication of his claims upon consideration of the record and respondent's arguments in the return of writ and supplemental return of writ. In this habeas corpus action challenging a state conviction, the Court lacks authority to consider or remedy any of petitioner's complaints stemming from his treatment in prison or other prison conditions.[2]

Accordingly, it is hereby RECOMMENDED that petitioner's "Motion For Injunction Seeking Immediate Release" (Doc. 13), petitioner's "Emergency Injunctive Relief Request" contained in a motion filed July 6, 2005 (Doc. 19), and petitioner's "Motion For Immediate Action" (Doc. 20) be DENIED.


Date:   9/6/2005                              s/Timothy S Hogan
            cbc                               Timothy S. Hogan
                                              United States Magistrate Judge


J:\BRYANCC\2005 habeas orders\04-33RR.mtns-reopenedpet.wpd

---

[2] To the extent the Court may have authority to ensure petitioner has adequate access to the court for the purpose of prosecuting the instant habeas corpus action, petitioner has not alleged any facts to trigger concerns that he in fact has been denied access to the court at any time in this case.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Theodore Brian Hoffert,
    Petitioner,

                                   Case No. 1:04cv33
    v.                             (Beckwith, C.J.; Hogan, M.J.)

Tim Brunsman,
    Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Any party may object to the Magistrate Judge's Report and Recommendation within **fifteen (15) days** after the date the Report and Recommendation is stamped as "filed" by the Clerk of Court. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ | ☐ Agent<br>☐ Addressee |
| | B. Received by ( Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Theodore Hoffert<br>#A425-554<br>Chillicothe Corr. Inst.<br>PO Box 5500<br>Chillicothe, OH  45601 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7004 0750 0003 9306 0868 | |

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540